KRAEMER & CO. *v.* UNITED STATES (No. 1000).[1]

AMERICAN GOODS RETURNED.

In view of a long, practical departmental construction of language that does not essentially differ from the language of paragraph 500, tariff act of 1909, boxes or barrels made from American staves or shooks are entitled to free entry under that paragraph. This right is not limited to the value of the shooks and staves constituting a part of the barrels or boxes.

United States Court of Customs Appeals, April 22, 1913.

APPEAL from Board of United States General Appraisers, Abstract 29427 (T. D. 32751).

[Reversed.]

*Brown & Gerry* for appellants.
*William L. Wemple,* Assistant Attorney General, for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The question presented on this record is whether, under the provisions of paragraph 500 of the tariff act of 1909, which provides for

[1] Reported in T. D. 33369 (24 Treas. Dec., 590).

the free admission of "casks, barrels, carboys, bags, and other containers or coverings of American manufacture exported filled with American products, or exported empty and returned filled with foreign products, including shooks and staves when returned as barrels or boxes," the right of free importation extends only to the *value* of the shooks and staves which constitute a part of the barrels or boxes, or whether it extends to the barrels or boxes composed of shooks and staves exported from the United States.

The board overruled the protest without distinctly passing upon this question, but apparently upon the ground that the record was too meager to furnish a basis upon which to predicate a finding. We, however, encounter no such difficulty. The items which go to make up the cost of the exported shooks and the various items which cover the cost of making them into boxes are sufficiently clear, so that whichever view of the case might be adopted the correct rate may be fixed.

The collector admitted to free entry the value of the shooks, but did impose duty upon the cost of the labor, paper, nails, and freightage of the shooks from this country to England. So we consider that the precise question stated above is involved and open for decision in this case.

Were the question presented upon a new enactment, it might present greater difficulties. But in view of the history of the legislation which is now embodied in the paragraph above quoted, we think there is little room for doubt as to the meaning of the paragraph.

The first enactment corresponding to that embodied in this paragraph was contained in section 9 of the act of February 8, 1875, entitled, "An act to amend existing customs and internal-revenue laws, and for other purposes." This section read:

That barrels and grain bags, the manufacture of the United States, when exported filled with American products, or exported empty and returned filled with foreign products, may be returned to the United States free of duty, under such rules and regulations as shall be prescribed by the Secretary of the Treasury; and the provisions of this section shall apply to and include shooks when returned as barrels or boxes as aforesaid.

Acting upon authority of this section, the Secretary of the Treasury, in T. D. 2110, amended the regulations of 1874 so as to provide that—

All barrels, boxes, shooks, or grain bags of domestic manufacture, either empty or filled with foreign merchandise, exported from any foreign port for return to the United States, and for which it is intended to claim admission free of duty, must be accompanied by a certificate from the foreign shipper, * * * if filled with foreign merchandise, the value of the boxes, barrels, or bags must be separately stated in the invoice, and the certificate, in such case, must be attached to or be made a part of the invoice; * * *.

This is followed by the form of certificate, which was required to state "the actual market value of the articles herein named, at this

time and in the form whence the same are to be exported to the United States."

This is followed by the statement—

On importation into any port of the United States of merchandise contained in such barrels, boxes, or bags, or of the said empty packages, the verification necessary to admit them free of duty will be—

First. The certificate herein referred to.

Second. Verification, by actual examination by the proper officers of the appraisers' department, with an indorsement of the fact of examination and of the truth of the statement on the invoice or declaration that the barrels, boxes, or bags bear evidence that they are manufactures of the United States, as claimed.

The value of the said barrels, boxes, or bags containing foreign merchandise liable to duty ad valorem, at the time and place of shipment for importation into the United States, must be separately stated in the invoice, and such separate value, after verification by the appraisers, will be excluded from duty.

There is no mistaking the proper construction of this regulation. It treats boxes made of shooks as free upon compliance with the regulations named. This regulation was interpreted in T. D. 5320 by the Assistant Secretary of the Treasury as follows:

The following instructions are issued with reference to applications under section 9 of the act of February 8, 1875, for the free entry of boxes containing green fruit, which are claimed to be made from shooks of domestic production:

The importers making such applications shall produce a certificate of the shipper of the fruit, duly authenticated by the United States consul at the port of shipment, showing that the boxes are made from domestic shooks, specifying therein the name of the United States port whence the shooks were exported, the date of exportation, and the name of the vessel in which they were exported, together with a certificate from the collector of customs at the domestic port of exportation, which shall contain, in addition to such data, a statement of the quantity of shooks so exported.

In passing upon such applications, when not covering the whole quantity of shooks covered by the export certificate, great care should be exercised to see that no greater number of boxes are admitted to free entry than could be made from the shooks specified in the export certificate.

The subject is again referred to in T. D. 5400.

Customs Regulations, 1908, articles 585–586, clearly import that boxes manufactured from American shooks are entitled to free entry under the provisions of the act of 1897, which contains language identical with that in the present tariff act. The form of affidavit required by a foreign shipper is given and the market value of the boxes or barrels is required to be stated, and the regulation concludes:

Such boxes or barrels shall be carefully examined by customs officers to make sure that they are made entirely from domestic shooks or staves.

It would appear, therefore, that covering a period of nearly 34 years the departmental construction of language not essentially different from that here involved has accorded to boxes or barrels made from American staves or shooks free entry, and has not restricted the free entry to the value of the shooks. Indeed, it will be noted that it is not the value of any component of the article returned which is admitted free, but it is the identical thing itself, namely, the

box or barrel in which the shooks have lost their identity or which the shooks have become. In view of this long practical construction of these provisions, we feel that we would not be justified in establishing a new rule.

The case of T. D. 30944, decided in September, 1910, by General Appraiser Somerville, may be said to be negative authority. It does not appear that the question of whether the boxes made from shooks of American origin were free was raised. The case would rather indicate that the importer had not made that claim.

The decision of the Board of General Appraisers is *reversed.*